**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY PEOPLES,<br><br>          Plaintiff - Appellant,<br><br>   v.<br><br>ARNOLD SCHWARZENEGGER, Office of the Governor; et al.,<br><br>          Defendants - Appellees. | No. 09-56090<br><br>D.C. No. 08-1125-JVS (AGR)<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted October 19, 2010[**]

Before:     O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

   California state prisoner Timothy Peoples appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging claims for

retaliation, denial of access to courts, due process, equal protection, and deliberate

---

   [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

indifference to medical needs against approximately thirty defendants. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order), and we affirm.

The district court properly dismissed each of Peoples's claims against those supervisory defendants who were not personally involved in any alleged constitutional violation. *See id.* ("Liability under § 1983 must be based on the personal involvement of the defendant.").

The district court properly dismissed Peoples's retaliation claim because his conclusory allegations did not connect any defendant's alleged misconduct with the alleged infringement of his First Amendment rights. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (conclusory allegations of retaliatory motive insufficient); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) (to state a claim for retaliation, defendant's conduct must infringe on plaintiff's protected activity).

The district court properly dismissed Peoples's Fifth Amendment claim because the Fifth Amendment's Due Process and Equal Protection Clauses apply only to the federal government, not to state actors. *See Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008).

The district court properly dismissed Peoples's Fourteenth Amendment claim because he had no protected liberty interest concerning his administrative

grievances, his placement in administrative segregation, or his transfer from one California prison to another. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (inmates have no constitutional right to a specific grievance procedure); *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (no liberty interest arising out of segregation that falls within terms of confinement ordinarily contemplated by sentence); *Rizzo*, 778 F.2d at 530-31 (Fourteenth Amendment does not prohibit transfers within state prison system).

The district court properly dismissed Peoples's Eighth Amendment claim because neither Peoples's bare allegations concerning defendants' denial of yard privileges nor their unspecified "acts of continuous risk and harm" stated a claim for deliberate indifference to his medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (deliberate indifference claim requires showing that defendants knowingly disregarded a serious risk of harm to plaintiff's health or safety); *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (conclusory allegations insufficient for § 1983 liability).

Peoples's motion for "Discovery, Non-Dispositive ruling, Suppression, and Destroying and Concealing Evidence" is denied.

Peoples's remaining contentions are unpersuasive.

**AFFIRMED**.